UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| DARSHAN GOVIND,<br><br>　　　　　Plaintiff,<br>　v.<br>PNC MORTGAGE, et al.,<br><br>　　　　　Defendants.<br>_____/ | No. 3:15-cv-01645-LB<br><br>**ORDER TO SHOW CAUSE** |

PNC Bank (sued as PNC Mortgage) removed and then moved to dismiss Plaintiff Darshan Govind's complaint challenging the foreclosure of his home. (Notice of Removal, ECF No. 1; Motion, ECF No. 8.[1]) Mr. Govind, who is representing himself, alleges violations of state law and the Federal Truth in Lending Act. (Complaint, ECF No. 1 at 6.) PNC Bank filed the motion on April 16, 2015 and noticed it for hearing for June 4, 2015. Mr. Govind's opposition was due on May 4, 2015. *See* Fed. R. Civ. P. 6(d); N.D. Cal. Civ. L.R. 7-3. He has not filed one.

Moreover, Mr. Govind's complaint, which was filed on March 4, 2015, names Cal-Western Reconveyance Company as a defendant. (Complaint, ECF No. 1 at 6.) Under Federal Rule of Civil Procedure 4(m), a plaintiff normally has 120 days from the filing of the complaint to serve the complaint and summons on a defendant. This means that Mr. Govind has until July 2, 2015 to serve Cal-Western. Fed. R. Civ. P. 4(m), 6(a)(1)(C). He has not filed any proof of service to date. (*See*

---

[1] Citations are to the Electronic Case File ("ECF"); pin sites are to the ECF-generated page numbers at the tops of documents.

ORDER TO SHOW CAUSE (No. 3:15-cv-01645-LB)

*generally* Docket.)

Under the circumstances, the court issues this order to show cause directing Mr. Govind to either file his opposition by May 14, 2015 or show cause why he cannot do so. If he does not file his opposition or otherwise show cause for his failure to do so, he risks dismissal of his case against PNC Bank for failure to prosecute it. The court extends the deadline for PNC Bank's optional reply brief to May 21, 2015.

As to Cal-Western, it does not appear that Mr. Govind has served it, and perhaps he does not plan to, given PNC Bank's allegations about whether he can state or has stated a claim against Cal-Western. (*See* Notice of Removal, ECF No. 1, at 2.) More specifically, if Mr. Govind challenges only Cal-Western's recording of statutorily-required notices or performing statutorily-required foreclosure procedures, they are privileged communications under the qualified common-interest privilege of California Civil Code § 47. In any event, if Mr. Govind has already served Cal-Western, he must file proof of service by May 14, 2015. If he has not served Cal-Western, he must do so by July 2, 2015, and file proof of service by July 6, 2015. Failure to do either of these will result in dismissal of the case against Cal-Western without prejudice under Rule 4(m) for failure to prosecute.

For now, the court keeps the June 4, 2015 motion hearing on calendar.

**IT IS SO ORDERED.**

Dated: May 11, 2015

_____
LAUREL BEELER
United States Magistrate Judge